## SINJEN v. MILLER, Alien Property Custodian, et al.

### (District Court, D. Nebraska, Omaha Division. June 3, 1922.)

#### No. 365.

**1. Citizens ⬅13—War ⬅12—Presumption of loss of citizenship by naturalized citizen rebuttable; burden on alleged alien to show citizenship.**

Under Act March 2, 1907, § 2 (Comp. St. § 3959), providing that, "when any naturalized citizen shall have resided for two years in the foreign state from which he came, * * * it shall be presumed that he has ceased to be an American citizen: * * * Provided, however, that such presumption may be overcome on the presentation of satisfactory evidence to a diplomatic or consular officer of the United States, under such rules and regulations as the Department of State may prescribe"— the fact that a naturalized citizen of German birth, who had resided in Germany for more than two years, was unable to present satisfactory evidence and was denied a passport to return, *held* not conclusive on the question of citizenship, when raised in a suit to recover property seized by the Alien Property Custodian, brought under Trading with the Enemy Act, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), but the burden of establishing his citizenship rests on the plaintiff.

**2. Citizens ⬅13—Residence of naturalized citizen in Germany held not a renunciation of his citizenship.**

The residence of a naturalized citizen of German birth in Germany for more than two years prior to the war *held*, under the evidence, not with intent to renounce his American allegiance, nor to have effected his loss of citizenship.

In Equity. Suit by Heinrich Sinjen against Thomas W. Miller, as Alien Property Custodian, and Frank· White, as Treasurer of the United States. Decree for complainant.

Arthur F. Mullen and Edwin C. Boehler, both of Omaha, Neb., for plaintiff.

James C. Kinsler, U. S. Atty., and Geo. A. Keyser, Asst. U. S. Atty., both of Omaha, Neb., for defendants.

WOODROUGH, District Judge. This is an equity suit, under the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115½a–3115½j), to recover the property of the plaintiff seized by the Alien Property Custodian during the war and while the plaintiff was residing in Germany. The plaintiff was a German subject born in Germany. He emigrated while a young man with his German-born wife to this country, settled on a farm in Nebraska, and became a duly naturalized citizen of the United States. Having accumulated a competency, he arranged with his wife's brother to look after his farms and personal property in this state, while he and his wife went to Germany for what was expected at the time to be a comparatively short visit. The declining health of the aged parents of his wife appears to have been the main reason for prolonging his sojourn in Germany, but many details of family interests and some minor property acquisitions in Germany are shown to have contributed to the prolongation of his stay in that country. He swears positively, however, that he at all times adhered to his allegiance to this government and to his intention to return hither for permanent domicile. At his direction the surplus of his income, derived through the management by his

brother-in-law of his Nebraska property, over the amount necessary for his living expenses, was reinvested in this country and in this state.

Having failed to register at the American consular office as required by the regulations of the State Department, and being unable to satisfy the State Department that he had not expatriated himself by his sojourn in the country of his birth for more than two years without registration, passports were refused him, and he was prevented from returning to this country at the outbreak of the war, and detained in Germany until 1921. Thereafter he succeeded in getting back to the state of Nebraska by means of a passport issued through the office of the American chargé d'affaires at the city of Mexico; said passport being based upon an application which contains statements concerning plaintiff's residence in Germany and absence from this country which are untrue. The prerequisite steps to the bringing of this suit are properly taken, and, an issue having been joined, the court, having heard the evidence, proceeds to judgment.

[1] The case involves the construction of section 2 of the Act of Congress of March 2, 1907 (Comp. St. § 3959):

"That any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign state in conformity with its laws, or when he has taken an oath of allegiance to any foreign state. When any naturalized citizen shall have resided for two years in the foreign state from which he came, or for five years in any other foreign state it shall be presumed that he has ceased to be an American citizen, and the place of his general abode shall be deemed his place of residence during said years: Provided however, that such presumption may be overcome on the presentation of satisfactory evidence to a diplomatic or consular officer of the United States, under such rules and regulations as the Department of State may prescribe: And provided, also, that no American citizen shall be allowed to expatriate himself when this country is at war." 34 Stat. 1228.

It is contended on the part of the plaintiff that:

"The Expatriation Act does not apply to citizens who return to the United States, as the act of returning rebuts the presumption of noncitizenship. It is limited to naturalized citizens while residing in foreign countries beyond the period stated in that act, the object being to relieve the government from the obligation of protecting such citizens after a residence abroad of sufficient duration to raise the presumption that they do not intend to return to the United States. (1910) 28 Op. Atty. Gen. 504."

On the part of the Alien Property Custodian it is contended that, in such an action as is here presented, the presumption of expatriation arising from plaintiff's two years' residence in the foreign state from which he came is conclusive against the plaintiff, and that, the plaintiff having failed to present satisfactory evidence to the State Department sufficient in its judgment to overcome the presumption of expatriation, the question of plaintiff's citizenship should not be deemed an open one before this court. Both parties concede that plaintiff should recover, if it is open to this court to determine, and if it does determine, that plaintiff is now an American citizen resident in this country.

I am satisfied that the true meaning of the act of Congress, as applicable to this case, is that, when plaintiff, while in Germany, applied for an American passport to be issued to him as an American citizen through a diplomatic or consular officer of the United States, he was

bound to present satisfactory evidence to overcome the presumption of expatriation, and, failing to do so, he was not entitled to such passport. But, though it was proper to refuse to issue him a passport, the action of the Department is not conclusive on the question of his citizenship when drawn in issue in this suit. I do not agree with the conclusion ascribed to Attorney General Wickersham (28 Op. Atty. Gen. 504 [1910]) that:

"The plaintiff's mere act of returning to the United States rebuts the presumption of noncitizenship."

On the contrary, it is the clear purpose of the act to put upon the plaintiff the burden of proof to show his citizenship as a fact, and to overcome by satisfactory evidence the presumption of expatriation which arises by reason of his residence in the country from which he came for the period of more than two years. U. S. ex. rel. Anderson v. Howe (D. C.) 231 Fed. 546.

[2] In this case there are many circumstances which, taken alone, would indicate expatriation; other circumstances, notably the complete absence of any affirmative act of renunciation of American citizenship and the continued holding of his property in this country, declining, as plaintiff testifies, many favorable opportunities for profitable investment in Germany, would tend to the contrary conclusion. Having considered the circumstances in detail, I am convinced that the plaintiff is telling the exact truth when he swears that he at all times considered himself an American citizen, that he never intended to or did renounce his allegiance to this government, and that his intention to return hither for permanent domicile was fixed and abiding in his mind at all times. So believing, I find the plaintiff to be a citizen of this country now resident here animo manendi, and entitled to recover whatever property belonging to him is now in the custody of the Alien Property Custodian.

The clerk will enter an order accordingly.